IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRMA PEREZ GUILLERMETY,

    Plaintiff,

    v.                            CIVIL NO. 98-2332 (RLA)

UNITED STATES, UNITED STATES
POSTAL SERVICE,

    Defendants.

## ORDER DISMISSING COMPLAINT
## FOR LACK OF JURISDICTION

Defendant has moved the Court to dismiss the complaint arguing that plaintiff failed to properly present an administrative claim. For the reasons stated herein we find that this Court lacks jurisdiction to entertain this suit and it must therefore, be dismissed.

### THE FACTS

Plaintiff slipped and fell in the premises of the U.S. Postal Service on **September 2, 1997**. According to plaintiff her fall was caused by holes and fissures in the floor.

Plaintiff submitted an administrative claim pursuant to the Federal Tort Claims Act ("FTCA") indicating that the fall had taken place at the **"Bayamon Gardens (East) Post Office"**. A second administrative claim again indicated that the accident occurred in the same location. The complaint filed in this action as well as

CIVIL NO. 98-2332 (RLA)                                                    Page 2

plaintiff's Initial Scheduling Memorandum reiterated that plaintiff's fall occurred at the **"Bayamon Gardens Office"**. It was not until the on site inspection carried out by the parties on **September 30, 1999** that defendant was alerted for the first time that the slip and fall had taken place at the **Bayamon Branch**, another post office at a different location.

### THE LAW

The FTCA mandates that claims sounding in tort be first submitted to the pertinent agency for disposition. The filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional requirement. The purpose of this provision is for the agency to have sufficient information to be able to investigate the claim and attempt to settle the matter. <u>Santiago-Ramirez v. Secretary of Dep't of Defense</u>, 984 F.2d 16, 19 (1st Cir. 1993). Plaintiff's sole argument in opposition to the dismissal is that the precise site of the accident is not an indispensable data and that the agency eventually ascertained this information during discovery in this case. However, we find that in these particular circumstances identifying the post office where a slip and fall is alleged to have occurred is fundamental to an investigation. How else can the defendant verify the accuracy of the allegations, identify potential witnesses, and process the claim? No investigation can even begin without first knowing where the

AO 72
(Rev 8/82)

CIVIL NO. 98-2332 (RLA)                                                Page 3

allegedly negligent conditions which prompted the accident are located. Further, the fact that this information came to light as part of discovery in this case does not correct the deficient claim. In order for this fact to have any bearing it must be provided initially to the agency precisely to allow for an opportunity to avoid judicial proceedings.

## CONCLUSION

It appearing from the undisputed facts in the record that plaintiff did not comply with the jurisdictional prerequisites of 28 U.S.C. § 2675, the United States' Motion to Dismiss, filed on October 29, 1999 (docket No. **26**)[1] is **GRANTED**. Accordingly, the complaint filed in this case is hereby **DISMISSED** for lack of jurisdiction.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of December, 1999.

RAYMOND L. ACOSTA
United States District Judge

---

[1] See Memorandum of Points and Authorities in Opposition... filed on November 24, 1999 (docket No. **29**).